UNITED SETATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID B. ALLEN,<br>        Plaintiff | )<br>)<br>) |
| v. | ) Civil No.<br>)<br>) |
| CAPITAL MANAGEMENT SERVICES, LP,<br>        Defendant | )<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff David B. Allen seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Massachusetts Consumer Protection Act, G.L. c. 93A, as a result of Defendant's unlawful conduct in attempting to collect an alleged consumer debt.

**Parties**

1. Plaintiff David B. Allen is an individual who at all relevant times has resided in Concord, Middlesex County, Massachusetts.

2. Defendant Capital Management Services, LP is a limited partnership organized under the laws of the State of Delaware, having a principal place of business in Buffalo, New York.

**Jurisdiction and Venue**

3. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28

U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate Plaintiff's claims arising under state law.

4.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

5.  Defendant is a "debt collector" within the meaning of 15 U.S.C. §1692a(6) because it is engaged in a business the primary purpose of which is the collection of debts obtained primarily for personal, household, or family purposes, and because it regularly collects or attempts to collect such debts which are owed or asserted to be owed to another.

6.  Defendant sent Plaintiff a letter dated July 7, 2012, regarding a debt allegedly owed to Citibank.  The letter was the initial written communication from Defendant regarding said debt, and indicated Plaintiff could dispute the validity of the debt within 30 days of receipt.

7.  On July 17, 2012, Defendant called a third party concerning Plaintiff and left a message implying that Plaintiff was the subject of collection activity.

8.  On July 19, 2012, Plaintiff sent to Defendant via certified mail, return receipt requested, a letter disputing the alleged debt and requesting verification thereof.  Plaintiff's letter was received by Defendant.

9.  Defendant sent Plaintiff a letter dated September 7, 2012, which stated in part: "Please find the information that you recently requested."  Enclosed with the letter were a number of account statements, but nothing else

10.  Subsequent to September 7, 2012, Defendant made a number of collection calls to Plaintiff.

## COUNT I

11. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

12. Defendant's telephone call to a third party implying that Plaintiff was the subject of collection activity violated 15 U.S.C. §1692c(b).

13. As a result of Defendant's unlawful conduct as aforesaid, Plaintiff suffered embarrassment, emotional distress, and mental anguish.

   WHEREFORE, Plaintiff prays for an award of actual damages, statutory damages, interest, costs, and attorney's fees.

## COUNT II

14. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

15. At all relevant times Defendant was engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, §1.

16. Defendant's telephone call to a third party implying that Plaintiff was the subject of collection activity violated 209 CMR 18.14(2), thus also violating G.L. c. 93A, §2.

17. Defendant's violation of G.L. c. 93A, §2 was willful or knowing in nature.

18. As a results of Defendant's unlawful conduct as aforesaid, Plaintiff suffered embarrassment, emotional distress, and mental anguish.

19. At no relevant time has Defendant had assets or maintained a place of business in the Commonwealth of Massachusetts; thus, the pre-suit demand requirement of G.L. c. 93A, §9(3) does not apply. However, on November 12, 2012, Plaintiff sent Defendant via certified mail, return receipt requested, a written demand for relief under said statute which reasonably described the unlawful conduct and injuries suffered.

20. Defendant did not reply to Plaintiff's demand letter.

21. Defendant's refusal to make a reasonable written tender of settlement within thirty days of receiving Plaintiff's demand letter was in bad faith with knowledge or reason to know that its conduct was unfair and/or deceptive in violation of G.L. c. 93A, §2.

WHEREFORE, Plaintiff prays that the Court award actual or statutory damages, whichever is greater; that the Court double or treble any actual damages awarded; and that the Court award interest, costs, and attorney's fees.

## COUNT III

22. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

23. Defendant was acting as Citibank's agent in connection with the attempted collection of the alleged debt.

24. The account statements which Defendant sent to Plaintiff with its letter of September 7, 2012, did not constitute verification of the alleged debt, since pursuant to 940 CMR 7.08(2) Defendant was required to provide Plaintiff with all documents containing his signature and all ledgers and account records concerning the alleged debt, and on information and belief Defendant did not make reasonable efforts to obtain such documents.

25. Since Defendant did not verify the alleged debt in accordance with Massachusetts law, Defendant was not permitted to resume collection activity and its telephone calls to Plaintiff made subsequent to September 7, 2012 therefore violated 940 DMR 7.08(2) and G.L. c. 93A, §2.

26. As results of Defendant's unlawful conduct as aforesaid, Plaintiff suffered severe emotional distress and mental anguish.

27. At no relevant time has Defendant had assets or maintained a place of business in the Commonwealth of Massachusetts; thus, the pre-suit demand requirement of G.L. c. 93A, §9(3) does not apply.  However, on November 12, 2012, Plaintiff sent Defendant via certified mail, return receipt requested, a written demand for relief under said statute 4hich reasonably described the unlawful conduct and injuries suffered.

28. Defendant did not reply to Plaintiff's demand letter.

29. Defendant's refusal to make a reasonable written tender of settlement within thirty days of receiving Plaintiff's demand letter was in bad faith with knowledge or reason to know that its conduct was unfair and/or deceptive in violation of G.L. c. 93A.

    WHEREFORE, Plaintiff prays that the Court award actual or statutory damages, whichever is greater; that the Court double or treble any actual damages awarded; and that the Court award interest, costs, and attorney's fees.

**Plaintiff claims trial by jury.**

DAVID B. ALLEN
By his attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
(617) 492-0522
ken@quatlaw.com